UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY BUERGER, individually and on behalf of others similarly situated,<br><br>                                            Plaintiffs,<br><br>- against -<br><br>B HOSPITALITY CORP. d/b/a BUTLER HOSPITALITY,<br><br>                                            Defendant. | Case No.: 22-cv-4823<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff KELLY BUERGER ("Plaintiff"), by her attorneys, Leeds Brown Law, P.C., alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant the federal Worker Adjustment and Retraining Notification ("WARN") Act, 29 U.S.C. §§ 2101, *et seq.* and the New York State Worker Adjustment and Retraining Notification ("NY WARN") Act, New York Labor Law ("NYLL") §§ 860, *et seq.* to recover damages for the mass layoffs the Plaintiff and similarly situated employees of B HOSPITALITY CORP. d/b/a BUTLER HOSPITALITY ("Defendant") were subjected to without warning provided by Defendant as required by law.

2. Beginning on or about April 22, 2022, and within 90 days therefrom, Defendant terminated hundreds of its employees.

3. Plaintiff, individually and on behalf of all similarly situated employees, seeks to recover from Defendant up to 60 days of wages and benefits, as a result of Defendant's violations

1

of: (i) the WARN Act, pursuant to 29 U.S.C. § 2104; and (ii) the NY WARN Act, pursuant to NYLL § 860-g (2).

## JURISDICTION & VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the 29 U.S.C. § 2104(a)(5). This Court has supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District under 29 U.S.C. § 2104(a)(5).

## THE PARTIES

6. Plaintiff KELLY BUERGER is an individual who currently resides in the State of Texas, and who was employed by Defendant from July 2021 until May 13, 2022 when she, along with hundreds of coworkers, was terminated.

7. Plaintiff worked remotely, but was based out of Defendant's New York facility, as that term is defined by the relevant law.

8. Plaintiff was terminated without cause.

9. Plaintiff did not receive 60 days' notice of her termination.

10. Upon information and belief, Defendant B HOSPITALITY CORP. d/b/a BUTLER HOSPITALITY is a foreign limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located in Chicago, Illinois.

11. On or about May 13, 2022, Defendant employed over 750 workers throughout the country, including over 200 in the State of New York.

12. On May 13, 2022, Defendant advised its employees by email that the night prior, "Butler's Board of Directors voted to dissolve the business, effective today [May 13, 2022] [and] your employment with the company will terminate effective May 13, 2022."

13. Plaintiff and putative class members were advised in the email that the New York location at 1250 Broadway would be open for six (6) hours on May 16, 2022 to permit them to pick up any personal belongings.

## WARN AND NY WARN CLASS ALLEGATIONS

14. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

15. This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated employees worked for Defendant until the spring of 2022 when they were terminated without notice and without cause.

16. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 750 employees, including over 200 who were based in the State of New York. In addition, the names of all potential members of the putative class, as well as their rates of pay and benefits comprising their compensation package, are not known to Plaintiff but are in Defendant's books and records.

17. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

    a) whether Defendant unlawfully terminated the employment of the putative class members;

  b)  whether Defendant unlawfully failed to pay the putative class members 60 days wages and benefits as required by the WARN Act and the NY WARN Act; and,

  c)  whether Defendant's conduct constitutes a violation of the WARN Act and the NY WARN Act.

18. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendant's unlawful decision to terminate them without cause and without warning.

19. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

20. The Named Plaintiff has retained counsel experienced in complex class action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendant.

22. On or about April 22, 2022, Defendant began terminating the employment of over one dozen of Defendant's employees without cause or warning, culminating in the mass layoff of over 750 employees on or about May 13, 2022 without cause or warning, as part of a mass layoff or plant closing as defined by 29 U.S.C. § 2101(a)(2),(3), for which the affected employees were entitled to receive 60 days advance written notice under the WARN Act.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT:**
**VIOLATION OF THE WARN ACT, 29 U.S.C. § 2104**

23. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

24. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

25. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639.3(a).

26. On or about May 13, 2022, Defendant ordered a mass layoff and/or plant closing at all locations, including facilities based in the State of New York, as those terms are defined by 29 U.S.C. § 2101(a)(2).

27. The mass layoff or plant closing resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least 500 of Defendant's employees, or 50 or more employees comprising at least 33% of Defendant's workforce.

28. Plaintiff and the putative class members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant.

29. Defendant was required by the WARN Act to give Plaintiff and putative class members at least 60 days advance written notice of their termination.

30. Defendant failed to give Plaintiff and putative class members notice that complied with the requirements of the WARN Act.

31. Until May 13, 2022 when Defendant advised Plaintiff and the majority of putative class members informing them of the company being shut down, Plaintiff and upon information and belief, most putative class members, were unaware that they might be terminated in May 2022.

32. Plaintiff is, and each of the putative class members are, "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

33. Defendant failed to play Plaintiff and each of the putative class members their respective wages, salaries, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, along with other vested compensation perks during the 60-day period.

### SECOND CAUSE OF ACTION AGAINST DEFENDANT: VIOLATION OF THE NY WARN ACT, NYLL §§ 860 *et seq.*

34. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

35. At all relevant times, Defendant was a private business entity defined as "employer" under the NY WARN Act and continued to operate as a business until it decided to order a mass layoff or plant closing at its New York facilities as defined by NYLL § 860-a(3)(4).

36. On or about May 13, 2022, Defendant ordered a mass layoff or plant closing at its New York facilities as defined by NYLL § 860-a(3)(4).

37. Plaintiff, who was based out of Defendant's New York headquarters, and putative class members based out of New York, suffered a termination of employment as defined by NYLL § 860-a(2)(1) having been terminated by Defendant without cause on their part.

38. Defendant was required by the NY WARN Act to give Plaintiff and others based out of Defendant's New York facilities at least 90 days advance written notice of their terminations pursuant to NYLL § 860-b(1).

39. Defendant failed to give Plaintiff and each of the New York class members their respective wages, salaries, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, along with other vested compensation perks during the 60-day period.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of others similarly situated, seeks the following relief:

(1) Certification of this action as a class action;

(2) Designation of Plaintiff as class representative, including for the New York subclass;

(3) Appointment of the undersigned as Class Counsel for all class members;

(4) A judgment against Defendant in favor of Plaintiff and class members equal to the sum of their unpaid wages and the value of the cost of any benefits to which they were entitled, as determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(A)(B) and NYLL § 860-g(1)(a)(b);

(5) Plaintiff's reasonable attorneys' fees and the costs and disbursements that Plaintiff incurred in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and NYLL § 860-g(7);

(6) together with such other and further relief the Court may deem appropriate.

Dated:  Carle Place, New York                     **LEEDS BROWN LAW, P.C.**
        June 9, 2022

                                                  _____
                                                  Brett R. Cohen
                                                  Jeffrey K. Brown
                                                  Michael A. Tompkins
                                                  One Old Country Road, Suite 347
                                                  Carle Place, New York 11514
                                                  Tel: (516) 873-9550

                                                  *Attorneys for the Named Plaintiff &
                                                      Putative Class*